John A. Snow (3025)
PARSONS, BEHLE & LATIMER
201 S. Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
JSnow@parsonsbehle.com

*Attorneys for Gemini Insurance Company*

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GEMINI INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN BIOTECH LABS, LLC and ABL MANUFACTURING, LLC, <br><br> Defendants. | **COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** |

GEMINI INSURANCE COMPANY ("Gemini") sues AMERICAN BIOTECH LABS, LLC ("American Biotech") and ABL MANUFACTURING, LLC ("ABL Manufacturing") (together, "Defendants"), and alleges:

### NATURE OF ACTION

1. This is an action for damages and declaratory relief under 28 U.S.C. § 2201 over Defendants' repeated failure to respond to Gemini's requests for information as required under the terms of the insurance contract issued by Gemini.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs.

3. Venue is proper in this district because Gemini issued and delivered the insurance contract to American Silver, LLC, the First Named Insured, in American Fork, Utah, the Producer of the insurance contract, Citadel Insurance Services, is also located in American Fork, Utah, and "a substantial part of the events … giving rise to the claim occurred in this district," specifically, Defendants' failure to respond to Gemini's requests for information. 28 U.S.C. § 1391(b)(2).

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. Gemini is a Delaware corporation with its principal place of business in Arizona. For purposes of this action, Gemini is a surplus lines insurance company that issued an insurance contract that is the subject of this dispute.

6. American Biotech is a limited liability company formed under Utah law with its principal place of business in Utah. On information and belief, none of the members of American Biotech are citizens of Delaware or Arizona. American Biotech seeks coverage under the policy issued by Gemini.

7. ABL Manufacturing is a limited liability company formed under Utah law with its principal place of business in Utah. On information and belief, none of the members of ABL Manufacturing are citizens of Delaware or Arizona. ABL Manufacturing also seeks coverage under the policy issued by Gemini.

## THE THIRD-PARTY COMPLAINT

8. In March 2020, Ronnie Marin, individually and on behalf of others, filed a class action against Jim Bakker and Morningside Church Productions, Inc. (together, "Morningside") in the action styled *Ronnie Marin, et al. v. Jim Bakker, et al.*, Case No. 6:20-cv-03090-MDH.

9. Marin seeks damages because Morningside falsely advertised and promoted its product branded "Silver Solution" as a "clinically tested" and "all natural" cure for viruses, including COVID-19, HIV, the common cold, and the flu.

10. On August 24, 2020, Marin sent ABL Manufacturing LLC a subpoena seeking various documents, including documents regarding the manufacturing process of Silver Solution, exemplars of labels used on Silver Solution, all documents concerning any health benefits or effects of Silver Solution, and documents showing "your corporate structure, ownership, officers, directors, and management."

11. On January 14, 2021, Morningside then filed a third-party complaint against Defendants alleging that Defendants manufactured and sold Silver Solution and that Defendants entered into a "number of contractual arrangements" with Morningside requiring them to, among other things, guarantee Silver Solution would perform to specifications and to defend, indemnify, and hold Morningside harmless from all claims that Morningside might incur from Silver Solution. (A copy of the third-party complaint is attached as Exhibit "A.")

12. Morningside sued Defendants in causes of action for negligent misrepresentation, fraudulent misrepresentation, breach of warranty, and contractual indemnity.

## **DEFENDANTS' FAILURE TO COOPERATE**

13. Defendants did not notify Gemini of the subpoena from the class action plaintiffs.

14. Instead, approximately six months later, on January 18, 2021, for the first time, Defendants made Gemini aware of the dispute involving Morningside and Silver Solution, and tendered the third-party complaint to Gemini for defense and indemnification under the insurance policy issued by Gemini.

15. **First Request**: On February 1, 2021, Gemini advised Defendants that Gemini would provide them with a defense against the third-party complaint, but under a complete reservation of rights because of potential issues regarding the existence and scope of coverage.

16. In the letter, Gemini asked Defendants to provide basic information that Gemini needed for its investigation, including but not limited to the "number of contractual arrangements" raised by Morningside in its third-party complaint.

17. Gemini offered to "do anything to facilitate [Defendants'] expedited production" of the documents.

18. Defendants failed to provide any of the requested information.

19. **Second Request**: On February 3, 2021, Gemini sent Defendants another letter reminding them that Gemini's request for information was still outstanding.

20. Gemini once again offered to do "anything … to facilitate your production … since time is of the essence."

21. Defendants failed to provide any of the requested information.

22. **Third Request**: On February 12, 2021, Gemini sent Defendants a third letter requesting that Defendants provide the basic information that Gemini needed for its investigation.

23. Once again, Gemini offered to do "anything … to facilitate your production … since time is of the essence."

24. Defendants failed to provide any of the requested information.

25. On February 19, 2021, Defendants' "long time legal counsel" at the law firm of Parr Brown Gee & Loveless acknowledged Gemini's requests for information and specifically promised to provide the information Gemini needs: "We are also working to gather the information requested by Gemini, which ABL intends to provide as soon as possible."

26. Defendants failed to provide any of the requested information.

27. **FOURTH AND FINAL REQUEST**: On March 5, 2021, Gemini made a fourth and final request for the outstanding documentation.

28. This time Gemini even specifically cited the provisions of the policy requiring Defendants to, among other things, cooperate with Gemini in its investigation.

29. Gemini beseeched Defendants to "[p]lease let us know if there is anything we can do to facilitate your … production."

30. Defendants failed to provide any of the requested information.

31. Indeed, as of the date of this pleading, Defendants have failed to provide Gemini with a single (zero) piece of paper in response to Gemini's request for information, much less all the alleged contracts between Defendants and Morningside.

32. Gemini has been prejudiced by Defendants' total failure to provide any of the information Gemini has been requesting for months now. Gemini has no knowledge regarding basic aspects of the litigation that Defendants are asking Gemini to pay for, including but not limited to:

(a) no invoices, contracts or agreements of any description between ABL and Morningside regarding the Silver Solution branded products;

(b) no contracts or agreements of any description between ABL and Morningside regarding the alleged "private label" arrangement between ABL and Morningside;

(c) no March 6, 2020 letter from the Food and Drug Administration referenced in the third-party complaint;

(d) no March 11, 2020 letter from the New York State Attorney General referenced in the third-party complaint;

(e) no communications from the Food and Drug Administration to ABL regarding "Silver Solution" branded products;

(f) Any and all correspondence (including emails) between ABL and Morningside regarding "Silver Solution" branded products from January 1, 2015 through the present.

(g) <u>no</u> warranty or other representations made by ABL to Morningside regarding the qualities and benefits of the "Silver Solution" branded products as alleged in the third-party complaint; and

(h) <u>no</u> Supply and Distribution Agreement referenced in the third-party complaint.

33.   Gemini needs this information and has no other means of obtaining it other than to ask that it be provided by Defendants to the extent they initiated the process by tendering to Gemini under the insurance contract.

34.   Defendants and their counsel have no reasonable justification for not providing Gemini with the information Gemini has been requesting. Indeed, Gemini believes that discovery in this action will prove Defendants and their counsel are purposefully withholding the information Gemini requested.[1]

## THE GEMINI POLICY

35.   Gemini issued a Primary Liability Policy to American Silver, LLC, as the First Named Insured, bearing Policy No. GL_12492-7 and effective from April 1, 2020 to April 1, 2021. (A copy of the policy is attached as Exhibit "B.")

36.   Form GL POL 0001 03 09, provides in pertinent part:

**1.   Duties in the Event of Occurrence, Offense, Claim or Suit**

    **a.**   You must see to it that our **claims** department is notified in writing as soon as practicable of an **occurrence**, offense, **critical fact** or **loss** which may result in a **claim**. To the extent possible, notice should include:

        **(1)**   How, when and where the **occurrence**, offense or **loss** took place;

        **(2)**   The names and addresses of any injured person and any witnesses; and

---

[1] Gemini purposefully did not attach the correspondence with Defendants.

6

      **(3)**    The nature and location of any injury or damage arising out of the **occurrence**, offense, **critical fact** or **loss**.

Notice of an **occurrence**, offense, **critical fact** or **loss** is not notice of a **claim**.

    **b.**    If a **claim** is received by any insured, you must:

      **(1)**    Immediately record the specifics of the **claim** and the date received

      **(2)**    Notify us as soon as practicable by sending written notice of the **claim** to our **claims** department.

    **c.**    You and any other involved insured must:

      **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the **claim** or a **suit**;

      **(2)**    Authorize us to obtain records and other information;

      **(3)**    Cooperate with us in the investigation or settlement of the **claim** or defense against the **claim** or **suit**; and

      **(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of **loss** to which this insurance may also apply.

37.    Form GL POL 0001 03 09, provides in relevant part:

**Examination of Books**

[5](c)    We reserve the right to examine and audit the books and records of any insured as we determine they relate to this Policy at any time during the policy period and up to three years afterwards.

### FAILURE TO COOPERATE

38.    Gemini incorporates Paragraphs 1 - 37.

39.    Defendants violated and continue to violate the conditions precedent to coverage by failing to comply with Gemini's repeated requests for basic information that Gemini needs for its investigation.

40.    Gemini has diligently attempted to elicit their cooperation but despite the promise to do so, Defendants have not provided Gemini with any of the information it needs.

41. Accordingly, based on this breach, Gemini has no duty to defend or indemnify Defendants against the third-party complaint.

## REQUESTED RELIEF

**WHEREFORE**, Gemini respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the Gemini policy;

b. Declare that Gemini has no obligation to defend or indemnify Defendants in the third-party complaint by Morningside;

c. If there is no duty to defend, award Gemini all of the attorney's fees, costs, and expenses Gemini has incurred and is continuing to incur to defend Defendants in the third-party complaint by Morningside;

c. Award Gemini all costs it incurred to prosecute this action; and

d. All such other relief as the Court deems just and proper under the circumstances.

DATED this 26th day of March, 2021.

PARSONS BEHLE & LATIMER

/s/ John A. Snow
John A. Snow
*Attorneys for Gemini Insurance Company*

PBL\4852-8450-1730.v1-3/26/21